UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 OCT 14 AM 9:01

| | |
|---|---|
| GEORGE FREIERMUTH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PPG INDUSTRIES, INC., )<br>)<br>Defendant. ) | Civil Action No. CV-03-S-1542-NE |

ENTERED
OCT 14 2003

## MEMORANDUM OPINION

This action is before the court upon plaintiff's first motion to compel (doc. no. 9). Defendant filed its response on September 30, 2003. Plaintiff raises numerous issues in his motion to compel, and the court will address each seriatim.

### I. INTERROGATORIES 1 THROUGH 5

Plaintiff first complains that defendant has not identified any documents in its answers to interrogatories 1-5, but instead has made documents segregated by interrogatory available for inspection.[1] According to plaintiff, Rule 33(d) requires defendant to identify responsive documents in the interrogatory answer itself. Plaintiff cites *In re Bilzerian*, 190 B.R. 964, 965 (Bankr. M.D. Fla. 1995) and *Pulsecard, Inc. v. Discover Card Services*, 1996 WL 397567 at *3 (D. Kan. 1996), in support. Defendant counters that the identification need not be in writing if the designated documents are actually produced, but cites no authority for

---

[1] Plaintiff also complains that "it seems highly doubtful that all the information sought in these interrogatories can be derived from documents." *See* Plaintiff's First Motion to Compel at 2 (doc. no. 9). In the event the documents are not responsive and the parties cannot resolve their differences, plaintiff may seek appropriate relief from the court.

15

its position.[2]

>Federal Rule 33(d) provides:
>
>Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. *A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.*

Fed. R. Civ. P. 33(d) (emphasis supplied). The Advisory Committee Notes to the 1980 Amendment to Fed. R. Civ. P. 33(d) (formerly Fed. R. Civ. P. 33(c)) provides: "The final sentence is added to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." While Bates-stamping is not the only method by which a party may clearly identify documents responsive to interrogatories,[3] it is certainly an approved method of identification. *See, e.g., United States Securities and Exchange Commission v. Elfindepan, S.A., et al.*, 206 F.R.D. 574 (M.D.N.C. 2002); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 385 (W.D. Tenn. 1999); *VNA Plus, Inc. v. Aria Healthcare Group, Inc., et al.*, 1999 WL 386949, *5 (D. Kan.

---

[2] *See* Defendant's Response to Plaintiff's First Motion to Compel at 2 (doc. no. 11).

[3] *See, e.g., The Continental Insurance Company v. Chase Manhattan Mortgage Corporation*, 59 Fed. Appx. 830, 2003 WL 463466 (7th Cir. 2003) (finding that in a case involving hundreds of loan files, providing the loan account number and the requested information in a spreadsheet format complies with Rule 33(d), and Bates-stamping was not required).

1999).

The parties have not revealed to the court the actual amounts of paper involved in responding to these interrogatories. Defendant contends that counsel for plaintiff has chosen not to review the documents responsive to the interrogatories and made available on September 8, 2003. While the court is somewhat dismayed that counsel for plaintiff has not bothered to review the documents presented by defendant, if for no other reason than to provide the court with some description of defendant's disclosure, the court is mindful that the burden-shifting mechanism of Rule 33(d) is appropriate only where "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as the party served . . . ." Fed. R. Civ. P. 33(d). Defendant has failed to make this threshold showing. Defendant "must show that the named documents contain all of the information requested by the interrogatories," and have "adequately and precisely specified for each interrogatory, the actual documents where information will be found." *United States Securities and Exchange Commission v. Elfindepan, S.A., et al.*, 206 F.R.D. at 576.

Defendant vaguely represents that the documents were produced to plaintiff "in a form in which the responsive documents to a particular interrogatory are segregated by interrogatory . . . ."[4] This description does not satisfy the court that the requirements of Rule 33(d) have been met. This description could refer to a warehouse full of documents whereby post-it-notes with hand-written numbers are stuck to boxes of documents for each

---

[4]Defendant's Response to Plaintiff's First Motion to Compel at 2.

3

interrogatory, with no index of documents. As defendant has failed to establish that the threshold of Rule 33(d) has been met, and as defendant has failed to show that production of the documents would be so burdensome or voluminous to be produced to plaintiff, defendant shall be required to produce copies of all responsive documents to Interrogatories 1 through 4,[5] along with an index of Bates numbers and answers to Interrogatories 1 through 4 specifying which documents are responsive to which interrogatory by referring to the Bates-stamping. Interrogatory 5 will be addressed separately in section III of this opinion.

## II. INTERROGATORIES 6 THROUGH 13

Plaintiff complains that defendant refused to answer Interrogatories 6-13 on the ground that plaintiff's first five interrogatories, when subparts were counted, numbered in excess of twenty-five (25).[6] Plaintiff argues that Rule 33(a) counts only "discrete subparts" – subparts not logically related to the subject matter of the interrogatory – as separate interrogatories. Defendant responds that discrete or separate questions should be counted as separate interrogatories, notwithstanding that they are joined by a conjunctive word and may be related. Counsel for both parties appear to agree on the law, but fail to agree on how to count. It is most regrettable that a federal court is being asked to resolve this petty counting

---

[5] In footnote 6 to Defendant's Response to Plaintiff's First Motion to Compel, defendant explains its objection to Interrogatory 4 and cites a number of inapposite cases for the proposition that sweeping nationwide discovery is not allowed. Interrogatory 4 seeks relevant information for the facility at issue, not nationwide discovery. Indeed, defendant's objections regarding limiting discovery to plaintiff's job classification might carry weight were it not for the alleged fact that a reduction in force occurred. There is no indication from the parties that the alleged reduction in force was limited to plaintiff's job classification. Thus it is unclear why discovery should be limited to plaintiff's job classification.

[6] It appears that defendant has nonetheless agreed to provide a supplemental answer to Interrogatory No. 7, and it is not the subject of this motion. *See* Plaintiff's First Motion to Compel at 2, ¶ 3.

dispute.

Defendant attaches to its response its letter to plaintiff illustrating the heart of their disagreement:

> You state that the comment to Rule 33 make (sic) clear that an interrogatory concerning the same subject matter will be considered a single interrogatory. The comment also limits the "single interrogatory" to requests for "time, place, persons present, and content." The interrogatories propounded go beyond this scope. *You contend that the responses to the interrogatories makes it difficult to know how interrogatories have been counted. My response is clear, although your interrogatories are not. I have simply labeled your unlabeled subparts for clarity.*[7]

Upon review of the interrogatories and responses, the court shares plaintiff's confusion at how defendant has counted Interrogatories 1 through 5.[8] Thus the court will independently

---

[7]Defendant's Response to Plaintiff's First Motion to Compel, Exhibit 2 at 2 (emphasis supplied).

[8]As an example, Interrogatory 1 and defendant's response are as follows:

Interrogatory 1. For each oral communication by, between, or among you, your employees, your independent contractors, plaintiff, or any other person concerning the selection of plaintiff instead of other employees for the alleged reduction in force, or otherwise concerning plaintiff's discharge, please state the following: the date and approximate time of the communication; the type of communication (phone call, in person meeting, etc.) and the location of the persons involved; the substance of the communication, including what was said by whom; and the name, home and business address, and home and business telephone numbers of each person involved in the communication other than plaintiff (if current home and business addresses and telephone numbers are not available, please give the last known home and business addresses and telephone numbers and state that they are such).

**RESPONSE**: Objection. This interrogatory invades attorney-client and work-product privilege, and such information will not be provided. Without waiving the foregoing, and entirely for the purposes of expediting the information, defendant says as follows respecting responsive nonprivileged information relevant to the subject matter of this action:

    a. Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

    b. Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

5

review Interrogatories 1-5 to discern how many interrogatories are actually contained within. Upon review of Interrogatories 1-5, the court concludes that Interrogatory 2 contains two discrete subparts – one question regarding persons with knowledge of plaintiff's job performance, and one question regarding persons with knowledge of plaintiff's inclusion in the alleged reduction in force. Interrogatories 1, 3, and 4 shall each be counted as one interrogatory. Accordingly, defendant should answer plaintiff's interrogatories, with the exception of Interrogatory 5, forthwith as they do not exceed the limitation of twenty-five(25) interrogatories. Interrogatory 5 will be addressed in the following separate section.

### III. INTERROGATORY 5

Interrogatory 5 asks the following: "Please state the factual basis for any affirmative defense asserted by you."[9] Defendant's Answer contains forty substantive affirmative

---

c.(1) Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

c.(2) Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

c.(3) Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

c.(4) Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

d.(1) Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

d.(2) Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

d.(3) Pursuant to Fed. R. Civ. P. Rule 33(d), documents containing the responsive information will be provided.

[9]Interrogatory 5, Exhibit 1 to Defendant's Response to Plaintiff's First Motion to Compel at 6.

defenses.[10] Defendant has objected to this interrogatory as overly broad, exceeding the maximum number of interrogatories and subparts permitted, and covered by attorney-client and work product privileges. Defendant also has submitted documents for inspection by plaintiff that are not covered by the asserted privileges. Defendant cites *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998), for the proposition that Interrogatory 5 should be counted as forty-one different interrogatories because defendant will be required to provide the factual basis for forty-one different affirmative defenses. Although *Safeco* arises in the context of requests for admission, the rationale is equally applicable in the context of interrogatories. Also persuasive is *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R. D. 657 (D. Kan. 1996), where the court held that interrogatories requesting all facts upon which defendant relies for its denials were overly broad and unduly burdensome. Considering the denials in fifty-eight separate paragraphs of the complaint in *Lawrence*, the defendant was being asked, in effect, to answer 232 separate interrogatories. The court counseled for discretion and a tempered use of contention interrogatories, particularly those which duplicate initial disclosures. *Id.* at 662. This court agrees and finds that Interrogatory 5 seeks answers to forty[11] discrete questions. Accordingly, Interrogatory 5 is stricken, and defendant need not respond. The court will allow plaintiff to reconsider what parts if any of Interrogatory 5 it would like to serve again on defendant, after considering the information

---

[10]*See* Answer (doc. no. 3). Defendant's forty-first affirmative defense merely attempts to preserve the right to add affirmative defenses at a later time. *Id.* at 6.

[11]As previously explained, defendant has asserted only forty substantive affirmative defenses in its Answer. *See* doc. no. 3.

already available through initial disclosures. However, the parties will be guided by the ruling of the court that any question regarding either parties' separate and discrete claims or defenses will be regarded and counted as separate interrogatories or requests for production.

### IV. INTERROGATORIES 10, 11, AND 13

Plaintiff seeks the statements concerning plaintiff's job performance, plaintiff's discharge, or the subject matter of this lawsuit in Interrogatory 10. Plaintiff seeks information concerning any investigation by defendant of plaintiff in Interrogatory 11.[12] Finally, in Interrogatory 13, plaintiff seeks the identity of any person assisting in answering the interrogatories. Defendant declares in one paragraph that these interrogatories seek privileged information. No authority is cited by defendant, except for the unremarkable statement that "*Upjohn v. United States*, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed.2d 584 (1981) is not new law . . . ."[13] It is well settled that the party asserting the privilege bears the burden of showing it applies. *See Bogle v. McClure*, 332 F.3d 1347 (11th Cir. 2003).

Defendant asserted only the attorney-client privilege with respect to Interrogatory 13. It is not apparent how Interrogatory 13 seeks attorney-client privileged information. Plaintiff is seeking the identity of persons assisting in answering the interrogatories, not the substance of any communication by those persons. The attorney-client privilege does not protect underlying facts, only attorney-client communications about these facts. *Upjohn*, 449 U.S.

---

[12]It is not apparent to the court that this interrogatory seeks material that is "relevant to the claim or defense of either party," *see* Fed. R. Civ. P. 26 (b)(1), but defendant only objected on the grounds of work product and attorney-client privilege.

[13]Defendant's Response to Plaintiff's First Motion to Compel at 5.

8

395, 101 S. Ct. at 685. Defendant's objections are overruled.

Defendant has failed to satisfy its burden of establishing the applicability of either the work product or attorney-client privilege as it pertains to the information requested in Interrogatories 10 and 11. Defendant must answer these interrogatories. To the extent privileged material is discovered to be responsive, such material can be listed on a privilege log and provided to plaintiff when the answers to the interrogatories are served.

## V. CONCLUSION

In accordance with this memorandum opinion and the order entered contemporaneously herewith, plaintiff's first motion to compel is granted in part and denied in part.

DONE this 14th day of October, 2003.

_____
United States District Judge